## POLLY MITCHELL v. THE STATE.

1. TRANSCRIPT.—The transcript of this cause failing in sundry respects to conform to the rules of court, *certiorari* is awarded requiring the clerk of the court below to send up a new and complete transcript.

2. SAME.—See the opinion for the rules prescribed for the preparation and transmission of transcripts returnable to this court.

APPEAL from the District Court of Nacogdoches.

It will be seen that the opinion now reported, though not a determination of this cause, is one of much practical importance, not only to the clerks of the district and county courts, but also to such appellants and their counsel as desire speedy disposition of their appeals.

*George McCormick*, Assistant Attorney General, for the State, filed the following motion:

" And now comes the state, by her attorney, and shows to the court that the transcript of the record on file in this case is not such as is required by law, and is defective and insufficient in this:

" 1st. It is not written on one side of the paper.

" 2d. It is not tied together at the upper end with tape, and sealed over the tie with the seal of the district court.

" 3d. The caption is not in the form required by Rule 21, regulating proceedings in the district courts of this state.

" Wherefore, for these and other reasons apparent upon inspection of the transcript, appellee prays that the writ of *certiorari* issue, requiring the clerk of the district court of Nacogdoches county to send up such a transcript of the record as the law requires, and that the clerk of the district court of said county be required to pay all the costs of this proceeding."

WHITE, J.    The motion of the assistant attorney general for a *certiorari* to perfect the record in this case is granted.

A transcript should be prepared in conformity with statute and the rules prescribed by the supreme court. So many questions are constantly arising, and so much unnecessary trouble is occasioned, by either the ignorance or neglect of clerks in this regard, that we have deemed it proper in this instance to copy such portions of the law as provide the rules to be observed, as follows:

Art. 6199, vol. 2, Pasc. Dig.: "The clerk shall record the proceedings in the order of time in which they occur, and, in preparing transcripts for the supreme court (court of appeals), this order must be observed, leaving a margin of sufficient width in which the clerk shall note the name of each proceeding and the time of its occurring or being filed, and at the left-hand lower corner mark the number of each page."

Art. 6201. "Transcripts shall be written on good paper, on one side only, and in a neat, legible hand, to which shall be appended an index. They must be fastened at the upper end with tape, and sealed over the tie with the seal of the court."

Art. 6202. "The caption of each transcript shall be in the following form: The State of Texas, County of ——. At a term of the district court began and holden at ——, within and for the County of ——, on the —— day of ——, A. D. ——, before the Hon. —— ——, judge thereof, the following cause came on for trial, viz.:    A B, plaintiff, *v.* C D, defendant.    The transcript shall end with a certificate, under the seal of the court, that it contains a true copy of all the proceedings in the cause, and shall be signed by the clerk.    It shall be folded and indorsed as follows: A B, appellant, *v.* C D, appellee.    From —— County D. C. (or C. C.), A. D. 187——."

Art. 6438: "All transcripts of records sent to the

supreme court (court of appeals) must be printed, or written in a fair, legible hand, free from interlineations; and no paper shall be copied into the transcript on which there is no question for revision of the supreme court (court of appeals). The transcript in every instance must be carefully indexed."

Art. 3194, 1 Pasc. Dig.: "The transcript of the record, in cases of misdemeanor, must be delivered to the party appealing, or his counsel, when the defendant appeals, or to the district attorney, or any counsel associated with him, when the state appeals. But if not applied for before the twentieth day before the commencement of the term of the supreme court (court of appeals) to which the appeal is returnable, the clerk shall transmit the same by mail, paying the postage thereon, to the clerk of the supreme court" (court of appeals).

Art. 3195: "Transcripts of record in all cases of felony shall, as soon as prepared, be sent by mail, addressed to the clerk of the supreme court (court of appeals), at the place where the session of the supreme court (court of appeals) is held to which the appeal is returnable. The district clerk shall deposit each transcript so addressed and securely enveloped, and shall pay the postage upon the same; and the amount paid shall be taxed as part of the costs in each case."

Of course, since the organization of this court, in all appeals in criminal cases the transcripts are to be made out for and forwarded (when sent by mail) to the clerk of the court of appeals.

The transcript in this case is obnoxious to several objections arising upon its comparison with the requisites above laid down. The *certiorari* asked for is awarded, and the clerk of this court is instructed, in forwarding the writ, to send with it a copy of this opinion, for the information and guidance of the district clerk of Nacogdoches county.

*Ordered accordingly.*